UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL HILLIARD | CASE NO.<br>3:00cr227 (SRU) |

## RULING AND ORDER REGARDING REQUEST FOR RESENTENCING

Michael Hilliard pled guilty to a charge of conspiring to possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 15, 2003, I sentenced Hilliard principally to 330 months' imprisonment. The term of imprisonment reflected a downward departure from the Sentencing Guideline range of 360 months to life. Hilliard appealed his sentence. On December 3, 2004, the United States Court of Appeals for the Second Circuit affirmed the sentence by summary order, but withheld the mandate pending decision by the United States Supreme Court of *United States v. Booker*, 543 U.S. 220 (2005). On April 5, 2005, the Second Circuit remanded the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I reviewed the parties' briefing, the Presentence Report, and the transcript of the sentencing hearing on December 15, 2003. Based upon that review, I have decided that I would not have sentenced Hilliard to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts. First, at the initial sentencing, I was able to depart from the Sentencing Guidelines incarceration range. This meant that the mandatory nature of the Sentencing Guidelines did not prevent me from imposing the sentence of incarceration that I believed was appropriate, taking into account all of the information I had

available to me about Hilliard.  Second, having decided to depart, I weighed the factors set forth in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed.  Thus, I considered the nature and circumstances of the offense, the characteristics of the defendant, the purposes of sentencing, and the Sentencing Guideline range.  *See* Sentencing Tr. at 111-16 (Dec. 15, 2003).  The facts I relied upon at the initial sentencing remain pertinent under an advisory Sentencing Guidelines scheme: a long record of prior convictions, a history of violence, a supervisory role in "a very extensive and dangerous group selling drugs in Bridgeport for a long time," *id.* at 115, the need for punishment commensurate with the seriousness of the crime, and the impact of the crime on the community.  *Id.* at 116.  At the same time, I was able to consider mitigating factors that together formed the basis for the downward departure.  *Id.* at 114.  These are the same facts that would have led me to impose a sentence not trivially different than 330 months' imprisonment had I been able to sentence Hilliard under an advisory Sentencing Guideline scheme in December 2003.

      The motion for resentencing (**doc. # 1387**) is **DENIED**.

      It is so ordered.

Dated at Bridgeport, Connecticut, this 12th day of May 2006.

                                  /s/ Stefan R. Underhill
                                    Stefan R. Underhill
                                    United States District Judge