# MANDATE

*Ct- New Haven*
*00-CR-227*
*Underhill*

06-1330-cr(L)
USA v. Estrada (Gonzalez)

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of April, two thousand and eight.

PRESENT:



JOSÉ A. CABRANES,
SONIA SOTOMAYOR,
RICHARD C. WESLEY,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

    v.

HECTOR GONZALEZ, MICHAEL HILLIARD, EDWARD ESTRADA,
also known as French Fry,

    *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Nos. 06-1330-cr(L), 06-2647-cr, 06-3271-cr

1

ISSUED AS MANDATE:

5-2-08

| | |
|---|---|
| **APPEARING FOR APPELLANTS:** | LAURIE S. HERSHEY, Manhasset, NY, *for defendant-appellant Hector Gonzalez*; AUDEN GROGINS, Fairfield, CT, *for defendant-appellant Michael Hilliard*; MARGARET P. LEVY, Hartford, CT, *for defendant-appellant Edward Estrada.* |
| **APPEARING FOR APPELLEE:** | JAMES R. SMART, Assistant United States Attorney, (Kevin J. O'Connor, United States Attorney, *on the brief*, Sandra S. Glover, Assistant United States Attorney, *of Counsel*), United States Attorney's Office for the District of Connecticut, Bridgeport, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED.**

Defendants-appellants Hector Gonzalez, Michael Hilliard, and Edward Estrada each appeal from their respective sentences following judgments of conviction for conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Gonzalez pleaded guilty to the charge and was sentenced principally to a term of 396 months' imprisonment. Estrada was sentenced, after a jury trial, to a term of life imprisonment. Following a guilty plea, Hilliard was sentenced principally to a term of 330 months' imprisonment. Each of the defendants appealed his sentence to our Court, and we remanded each cause for resentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On remand, the District Court sentenced Gonzalez principally to a term of 309 months' incarceration to run consecutively to a sentence imposed by another District Court, and Estrada was sentenced to a term of 420 months' incarceration. The District Court denied Hilliard's request for resentencing on remand. On appeal, defendants raise a series of procedural and substantive challenges to their sentences. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's imposition of a particular sentence for procedural unreasonableness and substantively under an abuse-of-discretion standard. *See United States v. Regalado*, No. 05-5739-cr, — F.3d —, 2008 WL 577158, *2 (2d Cir. Mar. 4, 2008). We review a district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. *See, e.g., United States v. Roberts*, 442 F.3d 128, 129 (2d Cir. 2006).

On appeal, Gonzalez argues that (1) the sentence imposed on remand violates the terms of his plea agreement concerning drug quantity; (2) the role enhancement he received was clear error; (3) the firearm enhancement imposed was clear error; (4) the Court erred in denying him the maximum reduction for acceptance of responsibility; and (5) his sentence was both procedurally and substantively unreasonable. We reject Gonzalez's arguments as lacking in merit. The record demonstrates that the sentence imposed did not violate either the terms of the plea agreement or the defendant's reasonable expectations thereunder. The District Court's conclusions that Gonzalez was a leader of the enterprise and that he and others possessed firearms in connection with the offense were supported by the evidence, and the resulting enhancements were not otherwise erroneous. Any error associated with the District Court's denial of Gonzalez request for the maximum reduction for acceptance of responsibility was harmless because the requested reduction would not have altered his Guideline range. *See United States v. Tropiano*, 50 F.3d 157, 162 (2d Cir. 1995) ("[W]e will vacate a sentence and remand for

2

resentencing because of a misapplication of the Guidelines only if we determine that the error was not harmless."). Finally, we conclude that the sentence was procedurally and substantive reasonable.

Estrada advances several challenges to the calculation of his base level offense (1) the District Court's determination of the precise drug quantity by a preponderance of the evidence was error; (2) the District Court erred in overstating the quantity of heroin attributable to him; (3) the Court erred in finding that Estrada was a manager or supervisor of the organization; and (4) the Court erred in concluding that minors were used in the charged conspiracy.   He also argues that (5) the sentence imposed was not reasonable.  We conclude that the District Court did not err in finding the specific drug quantity by a preponderance of the evidence. *See United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005) ("We reiterate that, after *Booker*, district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment.").  We further conclude that the District Court's determinations concerning the quantity of heroin attributable to Estrada; his leadership role; and the use of minors in the conspiracy were not erroneous and that the sentence imposed was not otherwise unreasonable.

Hilliard contends that (1) his background and extraordinary emotional circumstances; (2) pre-arrest rehabilitation efforts; and (3) the fact that he committed the offenses while under duress were not properly considered by the District Court when it refused to grant the requested downward departures at his initial sentencing hearing.  He argues that, on remand, the District Court should have, but did not, consider these factors under the rubric of the 18 U.S.C. § 3553(a) and that the sentence was not reasonable.  These arguments are without merit.  On remand, the District Court stated that it had considered defendant's claims as well as the § 3553(a) factors at the initial sentencing hearing.  This conclusion is borne out by a review of the record of that hearing.  We conclude that the sentence imposed, which was below the recommended Guidelines range, was reasonable.

The judgments of the District Court are **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _Franklin Perry_

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _Juanne Taylor_
DEPUTY CLERK

3